UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. GILL,

    Plaintiff,                                                 Case No. 25-cv-12734

vs.                                                                 HON. MARK A. GOLDSMITH

LOVE SHACK, LLC et al,

    Defendants.
_____/

**ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED SEPTEMBER 22, 2025 and (2) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
(Dkt. 7)**

       This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman, issued on September 22, 2025, 2025 (Dkt. 13). In the R&R, the Magistrate Judge recommends that the Court deny Plaintiff Michael A. Gill's motion for a temporary restraining order (TRO) (Dkt. 7). Specifically, Magistrate Judge Altman recommends the Court deny the motion because Gill did not set forth the factors to consider in granting a TRO or cite to any legal authority in his request for a TRO. Moreover, Gill did not provide notice to Defendants as required under Rule 65.

       The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court denies the motion for a temporary restraining order (Dkt. 7).

SO ORDERED.

Dated: November 24, 2025  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
UNITED STATES DISTRICT JUDGE